**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KENNETH CHARLES and SENETRA SENEGAL** | **CIVIL ACTION NO.:** |
| | **DISTRICT JUDGE:** |
| **VS.** | |
| | **MAGISTRATE JUDGE:** |
| **FRANK FROESE, ABC INSURANCE COMPANY, ESSEN TRANSPORT LTD, and MANITOBA PUBLIC INSURANCE** | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Defendants, Frank Froese, Essen Transport LTD, and Manitoba Public Insurance, (hereinafter collectively referred to as "Defendants") which file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the docket of this Honorable Court.

I.

On or about February 1, 2022, Plaintiffs, Kenneth Charles and Senetra Senegal, (hereinafter referred to as "Plaintiffs"), filed a personal injury lawsuit against Defendants, Frank Froese, Essen Transport LTD, Manitoba Public Insurance, and ABC Insurance Company, in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, Docket Number 2022-0501; Section "D", entitled, *Kenneth Charles and Senetra Senegal versus Frank Froese, ABC Insurance Company, Essen Transport LTD and Manitoba Public Insurance*."[1] The lawsuit arises from a motor vehicle collision which occurred on or about February 9, 2021, in Lafayette Parish, Louisiana.[2]

---

[1] A copy of the Petition for Damages is attached hereto as Exhibit "A".
[2] Exhibit "A" at ¶ 4.

II.

Service of citation and a copy of the Petition for Damages was requested on Defendant, Manitoba Public Insurance, which was served via Article 6 of the Hague Convention on or about April 13, 2022, and the service return was received on or about July 18, 2022.[3] A copy of the service return was provided to Defendants by Plaintiffs on August 17, 2022.

III.

Service of citation and a copy of the Petition for Damages was requested on Defendant, Essen Transport LTD, which was served via Article 6 of the Hague Convention on or about April 5, 2022, and the service return was received on or about May 10, 2022.[4] A copy of the service return was provided to Defendants by Plaintiffs on August 17, 2022.

IV.

Service of citation and a copy of the Petition for Damages was requested on Defendant, Frank Froese, which was served via Article 6 of the Hague Convention on or about May 5, 2022, and the service return was received on or about May 10, 2022.[5] A copy of the service return was provided to Defendants by Plaintiffs on August 17, 2022.

V.

No service was requested on Defendant, ABC Insurance Company, an unknown placeholder Defendant whose domicile was not pled by Plaintiffs.[6]

---

[3] A copy of the service return for Manitoba Public Insurance is attached hereto as Exhibit "B".
[4] A copy of the service return for Essen Transport LTD is attached hereto as Exhibit "C".
[5] A copy of the service return for Frank Froese is attached hereto as Exhibit "D".
[6] *See* Exhibit "A" at p. 5.

**I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

VI.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states…."

   **A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

VII.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"[7]

VIII.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought, and Plaintiffs' Petition for Damages did not set forth the specific amount of damages sought. However, Plaintiffs' 'Petition for Damages does not comply with the Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. C.C.P. art. 893(A)(1).

IX.

Plaintiff, Kenneth Charles, claims he suffered "personal injuries and damages: to-wit:

   1. Injuries to the neck and shoulders;

---

[7] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

     2. Injuries to the back;
     3. Injuries to the chest;
     4. Injuries to the hands, arms, leg(s) and extremities;
     5. Sprained and strained muscles, tendons and ligaments of the body and/or other injuries to be determined; and
     6. Mental anguish and emotional distress.[8]

X.

Plaintiff, Kenneth Charles, claims he is entitled to the following damages: "physical pain and suffering past, present and future, mental pain, anguish and distress past, present and future, disability and impairment, loss of income past, present and future, loss of earnings/earning capacity past present and future, medical expenses past, present and future, and other damages to be presented at trial."[9]

XI.

Plaintiff, Kenneth Charles, submitted his responses to Defendants' Requests for Admissions on September 23, 2022 wherein he admitted that "the amount in controversy in this proceeding exceeds the sum or value of $75,000.00, exclusive of interest and costs."[10]

XII.

Furthermore, this Honorable Court can exercise supplemental jurisdiction over the claims of Plaintiff, Senetra Senegal, regardless of the amount in controversy with respect to her claims.[11] Nonetheless, Ms. Senegal allegedly has suffered "injuries to the neck, injuries to the right shoulder, injuries to the back, injuries to the upper torso, injuries to the chest, injuries to the

---

[8] *See* Exhibit "A" at ¶ 9.
[9] *See* Exhibit "A" at ¶ 10.
[10] See Kenneth Charles' response to Request for Admission No. 1, attached hereto as Exhibit "E".
[11] 28 U.S.C.A. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 549 (2005); *Earl v. Myers,* No. CIV.A. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010).

arms, leg(s) and extremities, sprained and strained muscles, tendons and ligaments of the body and/or other injuries to be determined, and mental anguish and emotional distress."[12]

XIII.

Defendants have conclusively established that the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

**B.   COMPLETE DIVERSITY EXISTS**

XIV.

Defendant, Manitoba Public Insurance, is a foreign insurance company domiciled in the Province of Manitoba, Canada and is a citizen of the Province of Manitoba, Canada.[13]

XV.

Defendant, Essent Transport LTD is a foreign limited company with its center of direction, control and coordination in the Province of Manitoba, Canada.[14] Essen Transport LTD is made up of two members/shareholders, Edwin Ray Elias and Emma Elias, each member/shareholder is a citizen and domiciliary of the Province of Manitoba, Canada. The citizenship of a limited company for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The members of Essen Transport LTD are citizens of the Province of Manitoba, Canada and therefore, Defendant, Essen Transport LTD, is a citizen of the Province of Manitoba, Canada.

XVI.

Defendant, Frank Froese, is a person of the full age of majority and is domiciled in the Province of Manitoba, Canada.[15]

---

[12] *See* Exhibit "A" at ¶ 11.
[13] *See* Exhibit "A", ¶ 1(D).
[14] *See* Exhibit "A", ¶ 1(C).
[15] *See* Exhibit "A", ¶ 1(A).

XVII.

Defendant, ABC Insurance Company, is an unknown placeholder Defendant. Service has not been requested and no domicile has been identified by Plaintiffs more than 240 days after filing their Petition for Damages.

XVIII

Based on the information in the introductory Paragraph of the Petition for Damages, Plaintiff, Kenneth Charles and Senetra Senegal, are persons of the full age of majority, residing in and domiciled in the Parish of Lafayette, State of Louisiana.  Thus, Kenneth Charles and Senetra Senegal are citizens of the State of Louisiana.[16]

XIX.

There is complete diversity between the Plaintiffs and Defendants.  As of the date of filing of this Notice of Removal, Plaintiffs have not named any other parties as Defendants.

**II.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

XX.

Citation and a copy of the Original Petition for Damages has been served on Manitoba Public Insurance on or about April 13, 2022.[17]

XXI.

Citation and a copy of the Original Petition for Damages has been served on Essen Transport LTD on or about April 5, 2022.[18]

---

[16] *See* Exhibit "A".
[17] *See* Exhibit "B".
[18] *See* Exhibit "C".

6

XXII.

Citation and a copy of the Original Petition for Damages has been served on Frank Froese on or about April 5, 2022.[19]

XXIII.

No service has been requested on the unknown placeholder Defendant, ABC Insurance Company.

XXIV.

There is no other party needed to consent to the removal of this case.

XXV.

The Notice of Removal was properly filed within thirty (30) days of Defendants' September 23, 2022 receipt of Kenneth Charles' response to Requests for Admissions, which are considered "other paper" demonstrating the amount in controversy under 28 U.S.C. §1446(b)(3).[20]

XXVI.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from each of the Defendants.

XXVII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiffs and to the Clerk of Court for the 15th Judicial District Court for the

---

[19] *See* Exhibit "D".
[20] *See* Exhibit "E", Kenneth Charles' responses to Requests for Admissions.

Parish of Lafayette, State of Louisiana.

XXVIII.

No previous application has been made for the relief requested herein.

XXIX.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXX.

Defendants are entitled to and hereby request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Manitoba Public Insurance, Essen Transport LTD and Frank Froese, pray that the action entitled: "*Kenneth Charles and Senetra Senegal versus Frank Froese, ABC Insurance Company, Essen Transport LTD and Manitoba Public Insurance*" bearing Docket number 2022-0501, Section "D", pending in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, be removed from the state court docket to the United States District Court for the Western District of Louisiana, Lafayette Division.

Respectfully submitted,

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system or by email transmission, this **14th** day of **October, 2022**, at their last known email address.<br><br>/s/ *Megan B. Jacqmin*<br>**MEGAN B. JACQMIN** | /s/ *Megan B. Jacqmin*<br>**GUY D. PERRIER, #20323**<br>**MEGAN B. JACQMIN, # 33199**<br>PERRIER & LACOSTE, LLC<br>One Canal Place<br>365 Canal Street, Suite 2550<br>New Orleans, Louisiana 70130<br>Direct Dial: (504) 212-8862<br>Email: gperrier@perrierlacoste.com<br>Email: mjacqmin@perrierlacoste.com<br>**Counsel for Defendants,**<br>*Manitoba Public Insurance, Essen Transport LTD, and Frank Froese* |